**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-02113-DDD-STV

O.M.,

      Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting U.S. Attorney
General;
MARKWAYNE MULLIN, in his official capacity as U.S. Secretary of
Homeland Security;
TODD LYONS, in his official capacity as Director of U.S. Immigration
and Customs Enforcement;
JUAN BALTAZAR, in his official capacity as Warden of the Aurora
Contract Detention Facility; and
GEORGE VALDEZ, in his official capacity as Acting Denver Field
Office Director for U.S. Immigration and Customs Enfocement,

      Respondents.

---

**ORDER GRANTING IN PART MOTION
FOR TEMPORARY RESTRAINING ORDER**

---

The petitioner moves for an ex parte temporary restraining order to enjoin the respondents from transferring him from the District of Colorado or removing him from the United States, and for a preliminary injunction to enjoin the respondents from continuing to detain him during the pendency of his immigration proceedings. Doc. 4. For the following reasons, the request for an ex parte TRO is granted in part, and the respondents are temporarily restrained from removing the petitioner from the United States without prior notice to his counsel.

## BACKGROUND

The petitioner is a forty-two-year-old Mexican citizen with cognitive and mental-health disabilities. Doc. 1 at 2. He has been held in immigration detention since April 9, 2024. *Id.* at 3. He was found incompetent by an Immigration Judge and appointed an attorney to represent him in his immigration proceedings. *Id.* at 8-9, 34; Doc. 2 at 10. On November 1, 2025, the IJ granted the petitioner protection from removal to Mexico under the Convention Against Torture. Doc. 1 at 9; Doc. 2 at 10. The IJ also ordered that due to the petitioner's incompetency, the Department of Homeland Security must provide advance notice to his appointed counsel of any intent to remove the petitioner to an alternative country. Doc. 1 at 9, 34. DHS has appealed the IJ's grant of CAT protection to the Board of Immigration Appeals, and the appeal remains pending. Doc. 1 at 9; Doc. 2 at 10. The petitioner's appointed counsel has provided a declaration stating that she "do[es] not believe he could advocate for himself if ICE notifies him that he is being removed to a third country," Doc. 2 at 11, and his siblings have provided declarations stating that he does not comprehend everything he is told, and they fear he might acquiesce to removal without understanding the consequences "just because he wants to get out of detention," *id.* at 3, 5. The petitioner's habeas counsel has provided notice of this case and the motion for TRO to the respondents' counsel, and the respondents oppose the motion. Doc. 4-1 at 1.

## LEGAL STANDARD

A party seeking a temporary restraining order must show: (1) that it is substantially likely to succeed on the merits; (2) that it will suffer irreparable injury if the court denies the requested relief; (3) that its threatened injury without the restraining order outweighs the opposing party's under it; and (4) that the requested relief is not adverse to the

public interest. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019); *accord Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020) (standard for TRO is same as that for preliminary injunction (citing *Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002))).

A court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

## DISCUSSION

### I. Temporary Restraining Order

The petitioner has satisfied the procedural requirements of Rule 65(b)(1) and has made a sufficient showing to support the issuance of a temporary restraining order enjoining his removal from the United States without prior notice to his counsel. In light of the petitioner's incompetency, any attempt to remove him without adequate notice to his representatives could result in irreparable harm to him. *See Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))); *see also* Doc. 2 at 1-3 (petitioner likely unable to support and care for himself if removed to another country). Removing the petitioner from the United States could also deprive this Court of jurisdiction.

- 3 -

*See A.A.R.P. v. Trump*, 605 U.S. 91, 94-98 (2025) (court may issue temporary injunctive relief to preserve jurisdiction over habeas proceedings (citing 28 U.S.C. § 1651(a))). The threatened harm to the petitioner outweighs any minimal harm to the respondents that may result from requiring them to comply with the IJ's order to provide advance notice of any intent to remove him to an alternative country. And a temporary restraining order will not be adverse to the public interest.

Pursuant to Rule 65(c), a court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A court has wide discretion in determining whether to require security. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003); *Brumfiel v. U.S. Bank*, No. 12-cv-02716-WJM, 2013 WL 1874186, at *7 (D. Colo. May 6, 2013). I find it appropriate to waive the security requirement in this case.

## II. Petitioner's Incompetency

An incompetent person generally must sue through a general guardian, committee, conservator, or other like fiduciary. Fed. R. Civ. P. 17(c)(1). Where an incompetent person is without such a representative, he "may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect [an] incompetent person who is unrepresented in an action." *Id.*; *Wodiuk v. Graziano*, No. 14-cv-2931-WJM-CBS, 2017 WL 2438993, at *13 (D. Colo. Jun. 6, 2017). "The representation of an incompetent person by an attorney is not adequate for Rule 17(c)'s purposes." *Mayorga v. Ronaldo*, 491 F. Supp. 3d 840, 859 (D. Nev. 2020); *see also People ex rel. M.M.*, 726 P.2d 1108, 1120 (Colo. 1986)

(attorney's role is to advise; guardian ad litem's role is to make decisions).

The Tenth Circuit has held that the phrase "incompetent person" in Rule 17(c)(2) refers "to a person without the capacity to litigate under the law of his state of domicile." *Graham v. Teller County*, 632 F. App'x 461, 465 (10th Cir. 2015). In *People ex rel. M.M.*, the Colorado Supreme Court recognized that "it is proper for a court to appoint a guardian ad litem for a litigant when the court is reasonably convinced that the party is not mentally competent to effectively participate in the proceeding." 726 P.2d at 1118; *accord* Cal. Civ. Proc. § 372(a)(4) ("a person who lacks legal capacity to make decisions," includes "[a] person who lacks capacity to understand the nature or consequences of the action or proceeding" and "[a] person who lacks capacity to assist the person's attorney in the preparation of the case"). Based on the verified facts in the habeas petition and the declarations submitted therewith, and the fact that the petitioner has already been found incompetent and appointed a representative in his immigration proceedings, I am persuaded that he is not mentally competent to effectively participate in these habeas proceedings. Accordingly, within two weeks of this Order, the petitioner's counsel must either: (1) show that the petitioner is represented by a general guardian, committee, conservator, or other like fiduciary under Rule 17(c)(1), and move to amend the case caption or the habeas petition as necessary to reflect such representation; or (2) if the petitioner is not so represented, move for the appointment of a guardian ad litem pursuant to Rule 17(c)(2).

## CONCLUSION

It is **ORDERED** that:

The petitioner's Emergency Motion for Ex Parte Temporary Restraining Order, Temporary Restraining Order, and/or Preliminary

Injunction, **Doc. 4**, is **GRANTED IN PART** as set forth below with respect to the request for an ex parte temporary restraining order, and **TAKEN UNDER ADVISEMENT** as to the request for a preliminary injunction;

The respondents and their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are **TEMPORARILY RESTRAINED** from removing the petitioner from the United States without providing at least fifteen days advance notice (including identification of the country to which removal is intended) to both the petitioner's appointed counsel in his immigration proceedings and his habeas counsel in this case;

The petitioner must promptly provide the respondents' counsel with notice of this Order;

The respondents must file a response to the petitioner's motion, Doc. 4, on or before May 27, 2026, in which they must **SHOW CAUSE** why the Court should not enter a preliminary injunction extending the temporary relief set forth in this Order until final adjudication of this case on the merits. I will determine whether to set a preliminary-injunction hearing after reviewing the response. The petitioner may file a reply on or before May 29, 2026; and

Pursuant to Federal Rule of Civil Procedure 65(b)(2), this temporary restraining order will expire fourteen days after entry, unless the Court extends it for good cause before that time, the respondents consent to an extension, or the Court grants a motion to dissolve or modify it pursuant to Federal Rule of Civil Procedure 65(b)(4).

It is **FURTHER ORDERED** that within two weeks of this Order, the petitioner's counsel must either: (1) show that the petitioner is represented by a general guardian, committee, conservator, or other like fiduciary under Federal Rule of Civil Procedure 17(c)(1), and move to

amend the case caption or the habeas petition as necessary to reflect such representation; or (2) if the petitioner is not so represented, move for the appointment of a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c)(2).

DATED: May 19, 2026
      at 4:13 p.m.

BY THE COURT:

Daniel D. Domenico
Chief United States District Judge