**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-02113-DDD-STV

O.M.,

     Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting U.S. Attorney
General;
MARKWAYNE MULLIN, in his official capacity as U.S. Secretary of
Homeland Security;
DAVID VENTURELLA, in his official capacity as Acting Director of
U.S. Immigration and Customs Enforcement;
JUAN BALTAZAR, in his official capacity as Warden of the Aurora
Contract Detention Facility; and
GEORGE VALDEZ, in his official capacity as Acting Denver Field
Office Director for U.S. Immigration and Customs Enforcement,

     Respondents.[1]

---

## ORDER APPOINTING GUARDIAN AD LITEM

---

The petitioner moves for the appointment of Laura Jones, Esq., as
guardian ad litem to protect his interests in this proceeding. Doc. 23. I
previously determined that the petitioner is not mentally competent to
effectively participate in these habeas proceedings. Doc. 16 at 5. His
counsel states that he is not presently represented by a general guard-
ian, committee, conservator, or other like fiduciary within the meaning
of Federal Rule of Civil Procedure 17(c)(1). Doc. 23 at 2. Accordingly,

---

[1]   To the extent that any of the original respondents has ceased to hold
office during the pendency of this action, that party's successor "is auto-
matically substituted as a party," and "any misnomer not affecting the
parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

- 1 -

appointment of a guardian ad litem is appropriate under Rule 17(c)(2), and Ms. Jones will be appointed to protect the petitioner's interests.[2]

It is therefore **ORDERED** that:

Petitioner's Motion to Appoint Laura Jones, Esq., as Guardian Ad Litem Pursuant to Court's Order, **Doc. 23**, is **GRANTED**; and

Pursuant to Federal Rule of Civil Procedure 17(c)(2), Laura Jones, Esq., is **APPOINTED** as guardian ad litem to protect Petitioner O.M. in this action.[3] Ms. Jones will have the authority and duties to act on the petitioner's behalf in this case as required by justice and as recognized in, *e.g.*, *Hull ex rel. Hull v. United States*, 53 F.3d 1125, 1128 (10th Cir. 1995); *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) ("Once appointed, the guardian ad litem is a representative of the court to act for the [plaintiff] in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation.");

The respondents are directed to permit the petitioner's counsel to use cellular telephones and laptop computers during legal visits at the petitioner's detention facility in order to allow Ms. Jones to participate remotely in attorney-client meetings;

---

[2]    Ms. Jones has experience representing individuals whom immigration courts have determined to be incompetent and specialized training in working with people whose cognitive impairments or mental-health conditions affect their ability to understand and participate in legal proceedings. Doc. 23 at 3; Doc. 23-1. She is already serving as the petitioner's Qualified Representative in immigration court and is familiar with his limitations and the facts underlying his habeas petition. Doc. 23 at 3; Doc. 23-1.

[3]    O.M. will be required to bear the costs of his guardian's fees, though those fees may ultimately be recoverable as taxable costs if he is the prevailing party in this case. *See Thunblom v. Williams*, No. 1:20-cv-02262-DDD-SKC, slip op. at 14-15 (D. Colo. Jan. 25, 2024), ECF No. 68.

Pursuant to Federal Rule of Civil Procedure 25(b), the Clerk of Court is **DIRECTED** to substitute Laura Jones, Esq., as guardian ad litem for O.M., in place of Petitioner O.M.; and

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to substitute David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, in place of Respondent Todd Lyons.

DATED: June 16, 2026          BY THE COURT:

Daniel D. Domenico
Chief United States District Judge

- 3 -